IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-3696
_____

**BRUCE E. BOCK and BONNIE J. BOCK
AS PERSONAL REPRESENTATIVES OF THE ESTATE
OF WILLIAM M. BOCK, DECEASED,**

**Appellants,**

v.

**NOVARTIS PHARMACEUTICALS CORPORATION,**

**Appellee.**

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION NO. 2:10-CV-01338

_____

**REPLY BRIEF OF APPELLANTS
BRUCE E. BOCK AND BONNIE J. BOCK**

_____

Avrum Levicoff, Esquire
Pa. I.D. #: 26044
The Levicoff Law Firm, P.C.
Centre City Tower, Suite 1900
650 Smithfield Street
Pittsburgh, PA  15222
(412) 434-5200 (telephone)
(412) 434-5203 (facsimile)
*Attorney for Appellants*

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ i

TABLE OF CITATIONS ............................................................................................. ii

I.   INTRODUCTION .............................................................................................1

II.  ARGUMENT......................................................................................................2

   A. The Testimony Of Mr. Bock's Treating Physicians Is Insufficient For Novartis To Meet Its Burden Of Demonstrating The Absence Of A Genuine Issue Of Material Fact On The Issue Of Proximate Causation..2

   B. The Record Contains Evidence From Which A Reasonable Fact Finder Could Conclude That Novartis's Failure To Provide Adequate Warnings Was A Substantial Factor In Mr. Bock's Injuries ........................................6

III. CONCLUSION ..................................................................................................9

CERTIFICATE OF COMPLIANCE ................................................................... 11

CERTIFICATE OF SERVICE ............................................................................. 12

# TABLE OF CITATIONS

**Cases**

*Cochran v. Wyeth, Inc.*, 3 A.3d 673 (Pa. Super. 2010)..............................................7

*Demmler v. SmithKline Beecham Corp.*, 671 A.2d 1151 (Pa. Super. 1996).............3

*Hoffman v. Sterling Drugs, Inc.*, 485 F.2d 132 (3d Cir. 1973).................................8

*Rowland v. Novartis Pharmaceuticals Corp.*, 34 F. Supp. 3d 556 (W.D.Pa. 2014) .8

**Rules**

Federal Rule of Civil Procedure 56 ...................................................................4, 5

## I.  INTRODUCTION

Novartis's brief never squarely confronts the central issue presented in this appeal; the testimony of Mr. Bock's physicians to the effect that they would prescribe Zometa today is of virtually no value because there is no indication on the record of what information Novartis should have provided to adequately warn of the association between Zometa therapy and Osteonecrosis of the Jaw ("ONJ").  As such, there is no basis to determine how the physicians would have reacted to an adequate warning, nor is there evidence that the knowledge the physicians had, or have now, remotely resembles what should have been disclosed in an adequate warning.

Novartis, like the District Court, improperly circumvents this issue by concluding, without analysis or explanation, that expert testimony regarding the adequacy of a warning is irrelevant to causation.  To the contrary, a comparison between the physicians' actual knowledge, and the information that they should have been provided, is fundamental to the proximate causation analysis under Pennsylvania's formulation of the learned intermediary doctrine.  Without evidence on that critical issue, it simply cannot be decided as a matter of law that the physicians' prescribing practices would not have been altered by additional or different information that should have been disclosed in an adequate warning. Novartis could not, and did not, meet its initial burden as the moving party of

demonstrating the absence of a question of material fact concerning proximate causation.

Novartis also urges that the District Court properly concluded that the Plaintiffs have not adduced any evidence that Novartis's failure to provide an adequate warning was a substantial factor in Mr. Bock's injuries. In so-doing, Novartis disregards evidence that the oral surgeon who performed the procedure that precipitated Mr. Bock's ONJ was not familiar with Zometa or the risk of ONJ faced by patients who undergo dental procedures while taking Zometa. That is particularly significant since Mr. Bock's prescribing physician had a practice at that time of holding Zometa therapy before any dental procedures.

Contrary to Novartis's arguments, the District Court's determination that Novartis satisfied its burden as the party moving for summary judgment, and that the Appellants did not adduce evidence to create a genuine issue of material fact, was reversible error.

## II. ARGUMENT

**A. The Testimony Of Mr. Bock's Treating Physicians Is Insufficient For Novartis To Meet Its Burden Of Demonstrating The Absence Of A Genuine Issue Of Material Fact On The Issue Of Proximate Causation**

Novartis argues that it satisfied its burden of demonstrating the absence of a genuine issue of material fact by citing testimony that Mr. Bock's prescribing

physicians "had knowledge of the potential risk of ONJ" and "would have made the same prescribing decision even with current knowledge of the ONJ risk." Appellee's Br. at 13. However, the physicians' testimony establishes, at best, that they have some knowledge of an association between Zometa and ONJ. That does not begin to address the pertinent inquiry – what the physicians would or would not have done differently if they had knowledge of the risks and various factors that should have been disclosed by Novartis in an *adequate* warning.

Under Pennsylvania's formulation of the learned intermediary doctrine, the issue of proximate causation in a failure to warn claim involving prescription drugs requires a comparison of (1) what a plaintiff's physicians did with the warnings actually provided, and (2) what they would have done differently if provided with an adequate warning. *See Demmler v. SmithKline Beecham Corp.*, 671 A.2d 1151, 1155 (Pa. Super. 1996). Because the adequacy of a warning must be developed through expert discovery, which has not yet commenced in this case, the content of an adequate warning is entirely unknown on the present record. *Id*. at 1154. Accordingly, Mr. Bock's physicians could not, and did not, provide testimony that their treating practices *vis-a-vis* Mr. Bock would not have been altered if they had been provided information commensurate with what Novartis should have disclosed in an adequate warning. Without that evidence, there was simply no basis for the

3

District Court to determine as a matter of law that an adequate warning would not have changed Mr. Bock's course of treatment.

As the Plaintiffs have previously pointed out, summary judgment would only be appropriate under these circumstances if Novartis produced evidence that the physicians either (1) had full knowledge about the nature and extent of the risk of ONJ when they treated Mr. Bock, or (2) would have prescribed Zometa in precisely the same manner no matter what nature and extent of risk an adequate warning would have disclosed. *See* Appellants' Br. at 10. Novartis complains that the Plaintiffs' argument in that regard represents an improper attempt to shift the burden of proof on the issue of causation. The Plaintiffs only seek to hold Novartis to the burden it must bear as the moving party in order to obtain summary judgment under Fed.R.Civ.P. 56.

The gravamen of Novartis's argument, and the District Court's ruling, is that summary judgment was warranted because the physicians' testimony forecloses any genuine dispute on the issue of proximate causation. That rationale implicates Rule 56(c)(1)(A), which requires the moving party to cite record evidence to demonstrate that a fact cannot be genuinely disputed. Novartis does not explain how it satisfied that burden simply by presenting the testimony of physicians who were neither confronted with a different warning, much less one deemed adequate through expert

testimony, nor testified that additional information would not have affected their treatment decisions.

In fact, the very testimony the District Court relied upon underscores the necessity of expert testimony to establish the contours of an adequate warning. Mr. Bock's prescribing physician, Dr. Mounzer Agha, characterized ONJ as a "rare complication" that is only "up to three percent with ongoing use." JA-177. The District Court's reliance on Dr. Agha's testimony would only make sense on this record if it assumed that Dr. Agha is correct about the risk. That, of course, merely begs the question. Since the Plaintiffs were not permitted to conduct expert discovery prior to summary judgment, there is no basis on the record to determine the actual incidence of ONJ. Expert testimony would almost certainly establish that the risk is in fact substantially greater than Dr. Agha has been led to believe.[1] If so, Dr. Agha clearly lacked sufficient information to conduct a proper risk-benefit analysis in his capacity as learned intermediary. That is a significant issue of material fact that bears directly on the question of causation, and that the District Court improperly resolved in Novartis's favor.

Ultimately, Novartis never confronts this logical and evidentiary gap in its effort to demonstrate that the physicians' testimony eliminates any genuine issue of

---

[1] Notably, Dr. Agha did not testify as an expert on the relationship between bisphosphonate therapy and the risk of ONJ.

5

material fact under Rule 56(c)(1)(A). Instead, Novartis merely dismisses expert testimony concerning the adequacy of its warnings as irrelevant to the issue of proximate causation. *See* Appellee's Br. at 23. As discussed above, that argument is simply untenable under Pennsylvania's formulation of the learned intermediary doctrine. Novartis correctly observes that "[a]n inadequate warning does not establish proximate cause." *Id*. The Plaintiff's have never argued to the contrary. However, on the present record at least, the question of what information an adequate warning should have conveyed is inextricably intertwined with the proximate causation analysis. In the absence of expert testimony on that topic, Novartis could not satisfy its burden as the moving party of demonstrating the absence of a genuine issue of material fact by citing the testimony of Mr. Bock's physicians.

**B.     The Record Contains Evidence From Which A Reasonable Fact Finder Could Conclude That Novartis's Failure To Provide Adequate Warnings Was A Substantial Factor In Mr. Bock's Injuries**

In addition to the foregoing, Novartis incorrectly states that the Plaintiffs failed to demonstrate a genuine issue of material fact. Because Novartis did not meet its initial burden as the moving party, the burden should never have shifted to the Plaintiffs in the first place. Regardless, the Plaintiffs did, in fact, adduce evidence from which a reasonable jury could conclude that a different warning would likely have altered Mr. Bock's course of treatment so as to avoid his injuries.

A jury question exists as to causation where the evidence demonstrates "some reasonable likelihood that an adequate warning would have prevented the plaintiff from receiving the drug." *Cochran v. Wyeth, Inc.*, 3 A.3d 673, 677 (Pa. Super. 2010). Here, the record clearly reflects that Mr. Bock's oral surgeon, Dr. Kent Galey, was unfamiliar with the increased risk of ONJ for Zometa patients undergoing oral surgery at the time he performed the tooth extraction that precipitated Mr. Bock's ONJ:

> Q. Were you familiar with the drug Zometa in February of 2008 when you began treating Mr. Bock?
>
> A. I don't think I was. If I was, it was only through the conferences that I went to, and it was not a real hot issue for us in that time frame.

JA-217. Indeed, Dr. Galey admitted that he was puzzled when Mr. Bock returned with symptoms that ultimately proved to be ONJ, because the emergence of bisphosphonate-related ONJ following oral surgery was new to Dr. Galey:

> Q. Prior to the period of time that you treated Mr. Bock, do you know whether or not you had any patients with osteonecrosis of the jaw who were on bisphosphonates?
>
> A. I have no recall of that. This was a new entity to us out of the blue. It's a practicing oral and maxillofacial surgeon from about 2005 and 6, so I'm not even sure I totally knew what Zometa was, which I would have looked up.
>
> Q. Which is why you looked it up; correct?
>
> A. Correct. And even further along in my chart, Mr. Bock develops a bone slough. And I have a note in the chart that says etiology equal question mark, because I don't know why he's getting it. So, this was new to us. I would, therefore, state in all probability, I did not have patients with this problem prior to this gentleman.

7

JA-219. Importantly, the record further reflects that Mr. Bock's injuries would have likely been avoided had Dr. Galey known to consult with Dr. Agha, whose practice was to hold Zometa "for a month before any dental procedures[.]" JA-180.

Novartis does not confront this evidence. Instead, in a tacit admission that Dr. Galey's testimony presents a triable question of fact, Novartis argues that its "duty to warn runs only to the prescribing physicians, not others." Appellee's Br. at 32. As noted in the Plaintiff's Brief, this Court rejected that same argument in *Hoffman v. Sterling Drugs, Inc.*, 485 F.2d 132, 141-42 (3d Cir. 1973) ([Defendants] maintain that Pennsylvania law requires warning only to the prescribing doctor. We disagree."). *See* Appellants' Br. at 18. Novartis contends that *Hoffman* has been superseded, but does not cite any Pennsylvania or Third Circuit decision that has rejected *Hoffman's* holding. Rather, the cases Novartis relies upon merely recite the general rule that a drug manufacturer has a duty to warn prescribing physicians, but do not place any limitation on other classes of physicians who, if adequately warned, might prevent the plaintiff's injury.

Novartis also cites *Rowland v. Novartis Pharmaceuticals Corp.*, in which Judge Hornak confined his analysis to the plaintiffs' treating physicians. 34 F. Supp. 3d 556, 571 (W.D.Pa. 2014). Judge Hornak, however, did not discuss any authority that would require such a constrained analysis, and his decision obviously does not

overrule this Court's clear holding in *Hoffman*. Pennsylvania law does not immunize Novartis from its failure to warn oral surgeons. Dr. Galey's testimony can, and does, create a genuine issue of material fact precluding summary judgment.

Finally, Novartis attempts to obscure the import of Dr. Galey's testimony by citing evidence that Dr. Michael Kail, an oral surgeon with expertise in ONJ, determined that "another tooth extraction was necessary" and "'extensively' warned Mr. Bock that the 'surgery could potentially aggravate the problems of the left maxilla secondary to osteonecrosis.'" Appellee's Br. at 9. That is a red herring. What Novartis conspicuously fails to mention is the undisputed fact that Mr. Bock was referred to Dr. Kail *after* he had already developed ONJ from the extraction previously performed by Dr. Galey. *See* JA-195-196, 251, 238. By that time, it was already too late for Mr. Bock. Contrary to Novartis's arguments and the District Court's ruling, the Plaintiffs have adduced sufficient evidence to survive summary judgment.

### III.  CONCLUSION

For the foregoing reasons, the District Court erred in granting summary judgment, and its October 7, 2015 summary judgment Order must be reversed.

                                                                  Respectfully submitted,

Date: May 5, 2016                           By: /s/ Avrum Levicoff
                                                     Avrum Levicoff, Esquire
                                                       Pa. I.D. #: 26044
                                                       The Levicoff Law Firm, P.C.
                                                       Centre City Tower, Suite 1900
                                                       650 Smithfield Street
                                                       Pittsburgh, PA 15222
                                                       (412) 434-5200 (telephone)
                                                       (412) 434-5203 (facsimile)
                                                       *Attorney for Appellant*

# **CERTIFICATE OF COMPLIANCE**

AVRUM LEVICOFF certifies as follows:

1. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. Proc. 32(a)(6) because this brief has been prepared in proportionately spaced typeface using Microsoft Word in 14-point Times New Roman font.

2. The text of the electronic and hard copy forms of this brief are identical.

3. I caused the electronic version of this brief to be checked for computer viruses using Symantec Endpoint Protection Version 12.1.3001.165.  No computer virus was found.

4. Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.


Date:  <u>May 5, 2016</u>              By:    <u>/s/ Avrum Levicoff          </u>
                                             Avrum Levicoff, Esquire

# **CERTIFICATE OF SERVICE**

I hereby certify that, on May 5, 2016, I caused the foregoing Reply Brief of Appellants to be filed with Clerk of the United States Court of Appeals for the Third Circuit via the CM/ECF filing system, which will send notice of such filing to all registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

On the same date, the original and six copies of this brief were sent by U.S. mail to:

> Office of the Clerk
> United States Court of Appeals for the Third Circuit
> 21400 U.S. Courthouse
> 601 Market Street
> Philadelphia, Pennsylvania 19106-1790

Two copies of this brief were simultaneously sent by U.S Mail to:

> Katharine R. Latimer, Esq.
> Heather A. Pigman, Esq.
> Hollingsworth LLP
> 1350 I Street NW
> Washington, D.C. 20005
> Attorneys for Novartis Pharmaceuticals Corporation

By:   /s/ Avrum Levicoff
      Avrum Levicoff, Esquire